SHARTSIS FRIESE LLP
JAMES P. MARTIN (Bar #170044)
JOSEPH V. MAUCH (Bar #253693)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: jmartin@sflaw.com, jmauch@sflaw.com

Attorneys for Plaintiffs
PH(X) GLASS, LLC and CHRISTOPHER
CARSTENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PH(X) GLASS, LLC and CHRISTOPHER CARSTENS,<br><br>Plaintiffs,<br><br>v.<br><br>ROLAND CLARKE, PIC GLASSWARE, INC., JAMN EXACT, INC., and DOES 1 thorugh 10, inclusive,<br><br>Defendants. | Case No. C 08-02533 PJH<br><br>**DECLARATION OF JAMES P. MARTIN IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING BRIEFING AND HEARING SCHEDULE FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        X<br>Time:        X<br>Judge:       Hon. Phyllis J. Hamilton<br>Location:    Courtroom 3, 17th Floor<br>Trial Date:  Net Yet Set<br>Amended Complaint Filed: June 12, 2008 |

I, JAMES P. MARTIN, declare:

1.      I am a partner at Shartsis Friese LLP ("Shartsis Friese"), and represent Plaintiffs

PH(X) GLASS, LLC and CHRISTOPHER CARSTENS (collectively "Plaintiffs") in this case

against Defendants ROLAND CLARKE, PIC GLASSWARE, INC., and JAMN EXACT, INC.

(collectively "Defendants"). I have personal knowledge of the facts stated herein, except as to

matters stated on the basis of information and belief, and I believe such matters to be true. I offer

this Declaration in support of Plaintiffs' Ex Parte Motion for Temporary Restraining Order and

Order Setting Briefing and Hearing Schedule for Plaintiffs' Motion for Preliminary Injunction. If

called as a witness, I would testify as follows:

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

2.    On February 29, 2008, I sent a cease and desist letter on behalf of Plaintiffs to Defendants Roland Clarke ("Clarke") and PIC Glassware, Inc ("PIC Glassware").  A true and correct copy of that letter, excluding attachments, is attached hereto as Exhibit A.  Among other things, we requested that Defendants confirm in writing that they would immediately cease and desist from any further use of the "Patent Rights, Trademark Rights, Technology and Confidential Information," as each is defined in the Agreement.  On March 3, 2008, Clarke and PIC Glassware sent a letter in response to our February 29 letter.  A true and correct copy of that letter, excluding attachments, is attached hereto as Exhibit B.  It is my belief that Clarke and PIC Glassware's letter may have been written without the assistance of legal counsel.  Among other things, they refused to cease and desist from any further infringement.

3.    On March 9, 2008, I sent another letter on behalf of Plaintiffs to Clarke and PIC Glassware that urged them to retain legal counsel and reiterated Plaintiffs' requests and legal position.  A true and correct copy of that letter is attached hereto as Exhibit C.  In response to Clarke and PIC Glassware's request, we also provided them with a signed copy of the Agreement. Clarke and PIC Glassware subsequently retained legal counsel, but the parties' efforts to avoid litigation were unsuccessful.  On May 19, 2008, Plaintiffs filed a Complaint against Clarke and PIC Glassware in this Court (the "Complaint").

4.    When process servers hired by my law firm attempted to serve Clarke individually and on behalf of PIC Glassware with the Complaint, Clarke evaded service.  The process servers reported that between May 20, 2008, and June 11, 2008, they made sixteen (16) attempts to serve Clarke, individually and on behalf of PIC Glassware, at his only known residence. The process servers also reported that, among other things, Clarke refused to answer his door despite being present at his residence; and that later a handwritten sign was posted on the entrance to Clarke's residence stating that he had moved, and the residence was filled with moving boxes.  A true and correct copy of the process servers' Declarations of Due Diligence are attached hereto as Exhibit D.  In addition to these actions, Defendants have engaged in further extraordinary conduct to evade service of process.

5.    In my efforts to execute service of process on Clarke and PIC Glassware, on

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

DECL. MARTIN ISO EX PARTE MOTION FOR TRO & ORDER
SETTING BRIEFING SCHEDULE

May 29, 2008, I sent an email to John C. Kirke ("Kirke") of Donahue Gallagher Woods LLP, who had represented Clarke during settlement negotiations, to inquire if Kirke still represented Clarke. I subsequently spoke with Kirke on May 29, and informed him that Clarke was attempting to evade service of process. Kirke informed me that he would not be representing Clarke in the litigation, but Kirke agreed to speak with Clarke. On May 30, 2008, Kirke sent an email to me, stating that Clarke had denied evading service, and Kirke suggested that he could accept service on behalf of Clarke and PIC Glassware if Plaintiffs granted a thirty (30) day extension to respond. On May 30, 2008, I sent an email to Kirke in response, stating that Plaintiffs would be willing to grant a shorter extension of time. On June 1, 2008, Kirke sent an email to me in response, stating, "This should be acceptable, let me speak with Roland." A true and correct copy of this email correspondence is attached hereto as Exhibit E. On June 2, 2008, having not heard from Kirke, I sent another email to him. Kirke sent an email to me in response, stating, "I am not authorized to accept service on behalf of Roland Clarke or his company, and neither my firm nor I represents Mr. Clarke or his company." A true and correct copy of this email correspondence is attached hereto as Exhibit F.

6.    In our efforts to execute service of process on Clarke and PIC Glassware, I conducted a further investigation and discovered the existence of Defendant Jamn Exact, Inc. ("Jamn Exact"). The California Secretary of State records identify Clarke as the President and only officer of Jamn Exact. Immediately after making this discovery, on June 12, 2008, Plaintiffs filed an Amended Complaint against all three Defendants (the "Amended Complaint"). A true and correct copy of the Amended Complaint is submitted herewith. The Amended Complaint reiterated the allegations and claims for relief in the Complaint and added new allegations against Jamn Exact. On the following day, June 13, 2008, a process server hired by my law firm served Jamn Exact by means of its registered agent for service of process. We have not yet effectuated service of process on Clarke or PIC Glassware as a result of their efforts to evade service of process.

7.    I have made every effort to provide Defendants with advance notice of this ex parte Motion. On June 17, 2008, my colleague, Joseph Mauch ("Mauch"), an associate at

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 3 -

Shartsis Friese, sent an email, copying me, to roland.clarke@gmail.com, the email address which Clarke had previously used to correspond with me. A true and correct copy of this email, excluding attachments, is attached hereto as Exhibit G. In the email we informed Clarke of Plaintiffs' intention to file an ex parte motion for a temporary restraining order enjoining him from passing himself off as a representative of PH(X) Glass, and enjoining the Defendants from selling, marketing or distributing all products that infringe on the Marks. We attached to the email copies of all documents that were served on Jamn Exact. Very soon thereafter, Mauch received an email in response that appeared to have been generated automatically and that purported that Clarke was "on extended vacation" and that he would "respond to [the] request as soon as possible." A true and correct copy of this email is attached hereto as Exhibit H. On June 20, 2008, Mauch sent another email, copying me, to Clarke, informing him that Plaintiffs intended to file their ex parte motion on Monday, June 23, 2008. A true and correct copy of this email is attached hereto as Exhibit I. Plaintiffs will provide Clarke and PIC Glassware with all papers filed with the Court in connection with this Motion by sending such documents to Clarke's email address and to his last known post office box, in addition to serving Jamn Exact through its registered agent for service of process.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California.

Executed this 24th day of June 2008, at San Francisco, California.

　　　　　　　　　　　　*/s/ James P. Martin*
　　　　　　　　　　　　JAMES P. MARTIN

7583\004\JMAUCH\1516858.2

Case No.
C 08-02533 PJH

DECL. MARTIN ISO EX PARTE MOTION FOR TRO & ORDER SETTING BRIEFING SCHEDULE

# EXHIBIT A

# SF  SHARTSIS FRIESE LLP

One Maritime Plaza  •  Eighteenth Floor
San Francisco, California 94111-3598

James P. Martin
jmartin@sflaw.com

February 29, 2008

*VIA MESSENGER AND UPS*

Mr. Roland Clarke
PIC Glassware, Inc.
1820A Encinal Ave.
Alameda, CA 94501

Re:    Breach of Technology and Patent Rights Sale Agreement

Dear Mr. Clarke:

We represent Christopher Carstens and PH(X) Glass, LLC.  We are writing with respect to your breach of the June 1, 2005 Technology and Patent Rights Sale Agreement (the "Agreement"), which automatically terminated as a result of your breach of the Agreement.

As you know, pursuant to Section 2.3 of the Agreement you were obligated to deliver to Carstens one hundred fifty monthly payments, each in the minimum amount of $10,000.00 USD, from the Effective Date of the Agreement until Carstens had received from you the total amount of $1,500,000 USD.  The first monthly payment was due on July 1, 2005.  Each subsequent monthly payment was required to be delivered to Carstens by the first day of the month following the previous monthly payment.  As you know, you have failed to pay Carstens the amounts due under the Agreement.  Pursuant to the express terms of Section 2.3, your failure to pay the amounts due constituted an immediate and material breach of the Agreement.

Pursuant to Section 3.2 of the Agreement, all rights, titles, and interests in the Patent Rights, Trademark Rights, Technology, and Confidential Information (all defined in the Agreement) shall have immediately reverted to Carstens without any further action by Carstens following the automatic termination.  Although we do not believe that we will require your assistance in executing any documents as contemplated in Section 3.2 to perfect our clients' interests in the Patent Rights or Trademark Rights, we will contact you if that assessment changes.  Through this letter, however, we ask you to confirm in writing immediately that you will immediately cease and desist from any further use of any of the Patent Rights, Trademark Rights, Technology, and Confidential Information.  Through this letter, we also request that you identify and provide us immediately with an inventory of any and all products and materials incorporating in any manner the Patent Rights, Trademark Rights, Technology or Confidential Information.

Tel: 415-421-6500  •  www.sflaw.com  •  Fax: 415-421-2922

Mr. Roland Clarke
February 29, 2008
Page 2

We are currently in the process of evaluating our clients' other rights and remedies pursuant to the Agreement, all of which are expressly reserved. Among other things, Carstens is entitled to contractual damages and a monetary recovery based on your post-termination use of the Patent Rights, Trademark Rights, Technology and Confidential Information, including, without limitation, a disgorgement of any revenues or profits associated with your sales of products following the date of the automatic termination of the Agreement. If you disagree with that understanding, please inform us immediately.

We request that you contact us by letter or email at the address set forth above by no later than March 17, 2008. We are also willing to speak with your legal counsel, who can contact me or my colleague, Joe Mauch. We look forward to your prompt response.

Best regards,

James P. Martin

JPM:smb

cc:    Joe Mauch, Esq.
       Christopher Carstens
       David Marglin

7583\001\JMARTIN\1477115.1

# EXHIBIT B

909 Marina Village Pkwy, Unit 249 Alameda CA 94501

March 3rd, 2008

*VIA MESSENGER AND USPS*

James P. Martin,

Re: Misconceptions within Shartsis and Friese LLP Letter dated February 29th, 2008

Dear Sir or Madam:

It seems that you and your firm may be operating under a relatively large misconception. This is a misconception that we would be only happy to clear up for your firm immediately. The only self contained and at-any-time valid written agreements that were ever in force between myself and Mr. Carstens, and for which consideration on both sides was given does not contain Sections 2.3 and 3.2 as you describe. Please note that without further production of this and other supporting documents, it would be obvious to any third party that none of the described consequences in the letter by your firm dated the 29th of February would be logically reasonable or enforceable or to have any legitimate merit. Our claim can be substantiated by an extensive record of emails and phone conversations between Mr. Carstens, myself and others. It can also be substantiated by an extensive series of emails and verbal communications involving a Mr. Peter Kazanjy, Mr. Patrick Mellody, Mr. Jon Myers and others who would serve as excellent witnesses. Many of these third parties were responsible for authoring these other valid agreements and they can and should be contacted by your firm regarding these matters of contractual dealings between myself and Mr. Carstens and others. It is our suspicion Mr. Carstens has misled you as to the extent and details of his previous business dealings. It is also possible that Mr. Carstens may have misled you with regard to accurate descriptions of any business dealings of ours with any other parties. This, if true, would not surprise us, nor would it deter us from executing any and all reasonable efforts that will be necessary in the coming time to clear up any and all possible misunderstandings with regard to this and any other matter that may be before you at the present time.

To the extent that it may interest your firm in the possible determination of the truthfulness and/or validity of any and all claims presented to your firm by Mr. Carstens, we have an extensive collection of evidence compiled in the past years regarding the penchant of Mr. Carstens to dissemble, to Palo Alto Police Officer Anjanette Holler, Mr. Peter Kazanjy, and others, and would love to discuss this at length with your firm. In response to a fraudulent claim by Mr. Carstens and/or his wife to the Palo Alto Police toward Roland Clarke, we provided Officer Holler with evidence of Mr. Carstens attempting to forge checks under the name of Roland Clarke, and the reckless endangerment of persons by the abuse and illegal transport of a large pressurized hydrogen gas cylinder. Additional fraudulent behavior known by us to be perpetrated by Mr. Carstens and/or his wife are an attempt to forge tax documents under the name of Roland Clarke, and a fraudulent loan for a property in Woodside worth in excess of $1M – land on which we believe they both presently reside. It is our suspicion that this document now being referred to by your firm as "The Agreement" may have been used, in addition to other fraudulent information, to obtain this loan. These original loan documents

should be easily obtainable by your client and should quickly corroborate or dispel this possible fraudulent activity. We are confident that the statute of limitations on this magnitude of fraud has surely not expired. These are just a few of the fraudulent activities that were either directly witnessed by Roland Clarke and others, or activities that may be proven with documentary evidence that is now our possession. Several threats to the physical safety of Roland Clarke have been made by Mr. Carstens in both emails and in person. In addition, we have documented evidence that Mr. Carstens was guilty of stealing funds from an organization that he, Mr. Kazanjy, and Dr. Clarke were a part. This and other activities resulted in many tens of thousands of dollars in damage to the organization that has not been repaid. These extensive and habitual fraudulent activities were the primary cause of Dr. Clarke extricating himself from any personal and business relationships with Mr. Carstens some time ago.

It is not our present wish to pursue a civil suit with regard to these illegal activities. We are merely using these incidents as an example of past malfeasances and the lack of credibility of any statements by this character by the name of Christopher Carstens.

Thankfully, we look forward to these coming cordial discussions with gusto and all reasonable cooperativeness.

In this light, we will pen some important further inquisitory text for you and your associates regarding your letter of February 29th, 2008:

If you feel that we may be in error with regard to the statement presented in paragraph one of our current letter regarding these agreements and/or "Agreement", please provide us with a copy of the object to which you are referring (so previously described by your firm as "The Agreement" that may or not be accurately named as such an animal) that it is being claimed to contain such a Section 2.3 and/or Section 3.2 as so described in your letter of February 29th, 2008, and perhaps we may begin the discussion anew, fresh with actual information possessed by all parties and perhaps with a more reasonable and friendly tone, one that would be more likely to be conducive to the resolution of any misconceptions or confusions on your part regarding matters about which you seem to be concerned. We would hope that this supposed "Agreement" object has been duly verified, witnessed, and so forth as to be reasonable for a firm such as yours to make such a claim as was made in the February 29th letter as to its nature and contractual validity. Also, please provide us with any and all records that may be available and/or may be presently known by your firm to exist as far as any consideration, in the legal contractual sense, that Mr. Carstens or any other party may have provided, executed, or engaged in, with regard to said object, claimed as "The Agreement" as so described in your letter of February 29th, 2008. We are also interested in any and all background material that your firm may be presently in possession of representing full and responsible communication by any of the claimed bound parties that may represent adequate cognizant understanding of this supposed "Agreement" in the California Civil Code 1542 sense.

Be advised that any and all other actions on our part with regard to communications with and/or actions requested by your firm regarding this matter save the production and delivery of this letter that is before you now will, I'm sure you would agree, have to wait for the appropriate response regarding these requests [and those additional requests contained herein

below in this communication], and as our party does believe at this point, will also have to wait for a possible detailed discussion regarding said provided objects and documents and any referential material that your firm may or may not be in the proper legal possession of at this time. Such would be normal, I'm sure you would agree.

Also, such discourse would normally not be demanded in such an unreasonable time as to not allow proper considerations of such requests. Our party believes that 10 business days (which is the distance in time between February 29th, 2008 and March 17th, 2008) is not reasonable without risking significant debilitation of other life, business, and necessary personal pursuits with regard to future communications with your firm, doubly so if many of the informational requests made by us to your firm are honored and the verification thereof is therefore required. If your firm can provide us with any statute of any kind, current or otherwise in the British or American legal system that requires written response to any matter in any situation by any firm as a response to a civil request of this nature by any other firm or party that may be compel these parties to respond in a time less than 30 days and/or 20 business days, then this may be helpful to us in future discussions. In this vein, and without further need for substantiation, and in an attempt to reach an amicable solution to any and all concerns that your firm may have, I would ask that your firm would properly consider our requests of paragraph one and engage in reasonable additional discussions with Mr. Carstens, Mr. Kazanjy, Mr. Myers and Mr. Mellody. Please take your time. We can give you emails and possibly phone numbers if you request. We will also give at least as much time as you have given us. These discussions, we believe, will properly inform your firm as to the reasonable or unreasonable nature, and/or truthfulness or untruthfulness of the background information that may have led your firm to pen such a letter as the one to which we are now responding dated February 29th, 2008.

This may take some time, of course, so feel free to take a similar reciprocal amount of time equaling but not longer than 10 business days. For the sake of clarity, we shall place this deadline to be at the precise date and time to be 1:00PM Pacific Standard Time on March 18th, 2008. If communication and information with regard to our reasonable requests set forth in this letter before you dated March 3rd, 2008 are not satisfied and/or addressed by a reasonable time as listed above by us to your firm under the hire of Mr. Carstens, his companies or any other related party, we will assume that the matter has been resolved and/or has no validity and/or your firm has determined such claims to be erroneous and without basis and therefore no further communication on our part will be necessary.

Also, in the future, I would advise that inflammatory language such as "breach", "violation", and others contained in this letter by your firm of February 29th, 2008, should be avoided in further discussions unless substantial additional documentary evidence be provided. Please take this as friendly advice and not any kind of significant rebuke. This advice can be said to be doubly true as, in our present case, this language is found in the letter from your firm of February 29th, 2008 and the ensuing statements are being made wholly without substantiating or corroborating material. Please correct us immediately if these assertions regarding lack of corroborating material are not believed to be true by your firm. Unsubstantiated claims can have a negative effect on the tone of a given human conversation, and may lead to unnecessary delays and lack of goodwill from one or more parties should an amicable procedure be found to resolve any possible dispute that may or may not be in existence. That

being said, and despite the rather boorish and unsubstantiated initial communication from your firm, we are open and willing with respect to any and all methods that may be proposed with regard to a possible resolution of this supposed dispute that your firm is describing.

So, in addition to requesting that your firm provide any and all documentary evidence presently in the possession of your firm that said claims have any validity at all and in any sense, we are asking for a number of other pieces of information that we are positive your firm would believe would be reasonable for a party such as ours to request in a situation such as the one that it seems that your firm believes us to be in judging by the text contained in your letter of February 29th, 2008.

Further questions:

In paragraph one of your original and first communication letter to us dated February 29th, 2008, there is a reference to a company, PH(X) Glass, LLC. We were not aware of the existence of such a company and have had no previous business dealings with said company. It would help us if your firm could provide us with any details regarding the date of incorporation, ownership, and anything else that may help us determine relevant properties of this entity given the present discussions. An example of a specific and concrete piece of information in which we would be interested in would be whether the company existed at the time of June 1, 2005? Another example of specific information that we may require is whether the company is the supposed injured party or is the supposed injured party Mr. Carstens or both. This information will certainly help us when searching for any appropriate records on our side.

We have a series of specific temporal questions to ask your firm. These temporal questions contain and are not limited to the following: 1) When did this supposed breach as so described by your firm take place?; 2) What is the reason for what seems to be such an extended time lag between the supposed breach, if in fact it is as it seems to have taken place on or around July 1, 2005 by your letter dated February 29th, 2008, and this first communication by you and your client?

We have another question regarding statements made in paragraph two of your letter of February 29th, 2008. As you have stated, your firm believes that there has been some form of failure to pay under such an animal as described by your firm to be "The Agreement". If so, we would like more information in this regard. Is it the contention of your firm that no payments were ever made? If not, what would be the total amount of the payments that your firm would contend were paid, over what period of time, made under such an "Agreement" that your firm seems to be contending never had a period of validity? If payments were ever made, what would be the contention of your firm of the operating agreement under which these payments were made, given that the stated position of your firm seems to be that an immediate breach was made of your "Agreement". Essentially we are asking you to walk us through what your firm believes at the present time to be a plausible history. We are sure that if this situation is as cut and dried as your letter seems to suggest, this information should be readily available to Mr. Carstens.

Oh, and who is David Marglin and why was his name listed on the bottom of the letter from your firm dated February 29th, 2008, as a carbon copy recipient? We have determined that this

David Marglin was not a member of your firm, Shartsis Friese LLP, and we have no knowledge of any prior contact with such an individual. Is this David Marglin a party in this dispute? If so, what is his part in it? Does your firm contend that David Marglin is also an injured party? Does this David Marglin have relevant information to add to our discussion? If David Marglin is involved we would like your firm to share this information with us.

Also, in paragraph three of said letter by your firm dated February 29th, 2008, a reference is made to "Patent Rights, Trademark Rights". Please provide us with any information you may have with regard to the supposed patent your firm may be referencing. Please include the country of legal status of the patent, inventor names, possible patent defense history or licensing history, and patent numbers for unique identification. The trademark to which your firm is referring we would also request to be provided. In the normal course of discussion regarding such an object, we would like the date of the trademark, country and/or countries of validity, owner of trademark, length of time of ownership, and of course a unique identifier that would allow its unambiguous identification and verification. Were both of these objects in existence and in properly represented legal status at the time of June 1st, 2005? What is the contention of your firm regarding any possible confidential information transfer? What form did this confidential information take? How does your firm contend that this information was transmitted? Does your firm have any examples of said confidential information that may or may not have been transmitted?

Also, in paragraph three of said letter of February 29th, 2008, a statement is made regarding "disgorgement [We are particularly fond of that word, as it seems your firm is as well. In this vein, we will use it again, disgorgement!] of any revenues or profits associated with your sales of products...". Please provide us with a detailed description of said products that your firm seems to be claiming may be associated with these possible disgorgements and with any possible "Agreement". In this vein, and to help you with your questions regarding any possible disgorgements, we would like any information that your firm is presently in possession of that may contain but not be limited to technique of manufacture, physical dimensions and appearance, any existing design drawings, intended use, possible construction materials, specific gravity, intended market, list of current manufacturers, current list of customers, product trade categories and so forth. Without such a detailed description, it would be difficult for us to make any assessment as to the nature and depth of your firms claim with respect to any such association and/or claim to disgorgements. Again, if the exactitude of the claims of your letter of February 29th, 2008 is being represented correctly, then surely this information must already be in the possession of your firm and should not be difficult to produce.

Also, to specifically respond to the final sentence of paragraph three of your letter of February 29th, 2008, we would first, of course, need the requests for descriptions in the preceding paragraph of this letter to be at least partially fulfilled. To our knowledge, as we have been presented with zero information with which to make a determination, it would be impossible for us to return any judgment as to whether any item in our possession is associated with patent, trademark, technology or confidential information associated in any way with your client. (Keep in mind, at this point, we would reasonably believe it to be possible that your client may believe himself to be the inventor of the question mark.) A list of any inventory items in our possession that we would tabulate for your perusal will have to wait for a

March 3rd, 2008

description of said items unless we receive a response that your firm is interested in fact in all possessions, or possibly items of our choice without specific criterion presented by your firm. In this case we would have good reasonable grounds to refuse, we are sure you would agree.

The final sentence of paragraph four of your letter of February 29th, 2008 makes an additional request of us. Please consider that without any additional information provided by your firm, as we have requested in the body of this present letter, your firm should consider yourselves immediately so informed.

These are just the first questions and statements that we have for your firm upon perusing the contents of this sudden communication of February 29th, 2008. Please don't hesitate to call with any questions. A reasonable email address to use for the purpose of informal communication is roland.clarke@gmail.com. Feel free to ask any questions that you feel could be easily and quickly answered through such a communication method as email. We do reserve the right, however, to communicate and honor communications received in writing delivered by certified verifiable means only. If we do not receive a response by your firm containing the requested material by 1:00PM Pacific Standard Time on March 18th, 2008, sent by verifiable means through a reputable courier, we will operate under the assumption that such material either does not exist and/or has been deemed fraudulent by our firm and any and all claims made in your letter of February 29th, 2008 are thus invalid and have been dropped by your firm and Mr. Carstens and we will consider the matter closed.

Truly Best Regards,

Roland M. Clarke

650.815.5010

Cc:    Joe Maunch, Esq.
       Christopher Carstens

# EXHIBIT C



**SHARTSIS FRIESE LLP**

One Maritime Plaza ✦ Eighteenth Floor
San Francisco, California 94111-3598

March 9, 2008

**VIA MESSENGER**

Mr. Roland Clarke
PIC Glassware, Inc.
1820A Encinal Ave.
Alameda, CA 94501

**VIA UPS**

Mr. Roland Clarke
909 Marina Village Parkway
Unite 249
Alameda, CA 94501

Re:    Breach of Technology and Patent Rights Sale Agreement

Dear Mr. Clarke:

We are writing in response to your letter dated March 3, 2008, as well as your telephone call of February 29, 2008, and your voicemail and email messages. Although we would prefer to resolve this matter cooperatively, we do not believe it would be productive to have any further conversations until you have retained legal counsel to represent you in this matter. We urge you to retain an attorney promptly, and have him or her contact us.

Contrary to the statements in your letter, we do not believe that we are operating under any misconceptions. It is our understanding and belief that the only relevant written agreement that was signed by both yourself and Mr. Carstens is the June 1, 2005 Technology and Patent Rights Sale Agreement ("Agreement") referenced in our previous letter. In your letter, you state that the executed Agreement does not contain Sections 2.3 and 3.2, and you have asked us to provide a signed copy of the Agreement "that is being claimed to contain such a Section 2.3 and/or Section 3.2." Enclosed for your records is a signed copy of the Agreement containing such terms.

Prior to sending our February 29, 2008 letter, we carefully investigated the relevant facts of this case and reviewed the corroborating materials provided to us by our clients. Your letter references other "self-contained ... written agreements" between yourself and Mr. Carstens. Although we are well aware of the email correspondence, exchange of draft documents and other discussions between yourself and Mr. Carstens, as well as written agreements pertaining to unrelated matters such as your biodiesel business, it is our understanding that you and Mr. Carstens never amended the Agreement or signed any subsequent written agreements covering the same subject matter. The emails, discussions and draft documents referenced in your letter do not constitute a modification or amendment of the Agreement.

We disagree with the overwhelming majority of the assertions in your March 3, 2008 letter, which is filled with unsubstantiated allegations and factual inaccuracies. Based on the tone and content of your letter, we do not believe it would be productive at this time to respond to such allegations. We will, however, clarify our requests to insure that you understand our previous letter. The terms "Patent Rights," "Trademark Rights," "Technology," and "Confidential Information" were specifically defined in the Agreement. Accordingly, we direct you to Article 1.0 DEFINITIONS of the attached Agreement for the meaning of such terms. With respect to the inventory, we request that you identify any products bearing the trademark "PHX," "pH(x)" or any other confusingly similar mark, as well as any other products which, if used, would infringe any Patent Rights. Such products would include those described on the Internet website associated with www.phxglass.com, which URL is included within the Trademark Rights.

Your letter refers to an "extensive collection of evidence" now in your possession. Although you have no duty to provide such evidence to us at this time, we would certainly consider it in good faith should you choose to provide it to us now. We also want to make clear that you do have a duty to preserve such evidence, which we will request during the discovery process if we are forced to file a lawsuit.

As noted above, we hope that you will retain legal counsel so that we can attempt to resolve this dispute without proceeding to litigation. If you choose to retain counsel, please have your lawyer contact us by no later than March 24, 2008. Although our clients would prefer to resolve this matter amicably, if we are not contacted by your legal counsel by the date set forth above, we intend to file a Complaint in the United States District Court for the Northern District of California to protect our clients' rights. If forced to proceed with legal action, our clients will seek to recover all of their monetary damages, costs and attorneys' fees, as well as treble damages based on your willful and deliberate infringement. We will also seek to enjoin you from any further acts of infringement which have caused, and will continue to cause, severe and irreparable harm to our clients. Nothing contained herein shall be deemed to constitute a waiver of any of our clients' rights or remedies, all of which are specifically reserved.

Very truly yours,

James P. Martin

JPM:smb
Encl.

7583\004\JMARTIN\1496457.1

# EXHIBIT D

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| PH(X) GLASS, LLC and CHRISTOPHER CARSTENS<br>vs. ROLAND CLARKE, PIC GLASSWARE, INC., et al.<br>**ATTORNEY (S) NAME & ADDRESS**<br>JAMES P. MARTIN, ESQ. (BAR NO. 170044)<br>SHARTSIS FRIESE LLP<br>ONE MARITIME PLAZA, 18TH FLOOR<br>SAN FRANSISCO, CALIFORNIA 94111<br>Telephone: (415) 421-6500<br>Facsimile: (415) 421-2922<br>**Attorney(s) for:** PLAINTIFFS, PH(X) GLASS, LLC and CHRISTOPHER<br>CARSTENS<br>Reference: 3020857 | |
| | **CASE #:** C 08-02533 PJH |

### DECLARATION OF DUE DILIGENCE

I, ANDRE BONITE, declare that I have personal, first hand knowledge of the following facts, and if called as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On MAY 20, 2008 Nationwide Legal, Inc. received the following document(s): AMENDED SUMMONS IN A CIVIL ACTION; AMENDED COMPLAINT; SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES; STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA CONTENTS OF JOINT CASE MANAGEMENT STATEMENT; (BLANK) STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS; DECLARATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE; (BLANK) ADR CERTIFICATION BY PARTIES AND COUNSEL; (BLANK) NOTICE OF NEED FOR ADR PHONE CONFERENCE, to be served on ROLAND CLARKE, at the following:

**ATTEMPTED SERVICE AT:**        **1820 "A" ENCINAL AVENUE, ALAMEDA, CA 94501**

| | |
|---|---|
| 05-20-08 AT 6:45PM | GREY COMPLEX, GREEN TRIM, GREY WOODEN FENCES IN FRONT, NO ANSWER AT THE DOOR |
| 05-21-08 AT 6:45PM | THIS IS AN APARTMENT COMPLEX GREY WITH GREEN TRIM, NO ANSWER AT THE DOOR. THERE IS NO LEASING OFFICE TO CONFIRM THE ADDRESS |
| 05-21-08 AT 1:30PM | THERE IS NO ANSWER AT THE DOOR |
| 05-22-08 AT 7:40PM | THE DOG IS BARKING INSIDE HOME, THE DOG CAME TO A GLASS DOOR WITH A CURTAIN WHICH HE MOVED TO THE SIDE WHERE I COULD SEE IN THROUGH THE CRACK. FROM THE DISTANCE I COULD SEE THE MALE SUBJECT PEEKING HIS HEAD TO SEE WHO WAS AT THE DOOR BUT NEVER CAME TO THE DOOR. |
| 05-23-08 AT 7:35AM | SPOKE WITH THE NEIGHBOR (WHITE MALE, 50 YEARS OLD, GREY HAIR, 5'8", 200LBS.) THE SUBJECT DOESN'T LIVE THERE, NO ANSWER AT THE DOOR. |
| 05-25-08 AT 11:30AM | THERE IS NO ANSWER AT THE DOOR |

**Page 1 of 2**

| | |
|---|---|
| 05-26-08<br>12:30PM TO 1:00PM | THE DOG IS INSIDE BARKING, THERE IS NO ANSWER AT THE DOOR<br>THERE WAS NO ACTIVITY |
| 05-27-08<br>6:45PM TO 7:05PM | THERE IS NO ANSWER AT THE DOOR, NO ACTIVITY WAITED<br>20 MINUTES |
| 05-28-08<br>4:45PM TO 5:00PM | THERE IS NO ANSWERE AT THE DOOR, NO ACTIVITY |
| 06-03-08 AT 7:30AM | THE VEHICLE THAT THE CLIENT ASK US TO LOOK FOR WAS NOT<br>PRESENT. I STUCK AROUND FOR A HALF AN HOUR. I LOOKED<br>AROUND THE BLOCK BUT THE CAR WAS NOT FOUND. I DID A<br>COURTESY CHECK ROUGHLY AT 8:20AM, STILL NO ACTIVITY |
| 06-03-08 AT 7:00PM | THE VEHICLE WAS NOT PRESENT AND THERE WAS A SIGN ON THE<br>DOOR STATING THE SUBJECT HAS MOVED |
| 06-10-08<br>2:45PM TO 8:30PM | THERE WAS NO ACTIVTY, NO MOVEMENT AND THERE IS NO ONE<br>COMING IN AND OUT |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 18, 2008**                    Signature: _____

**Page 2 of 2**                                                    **ANDRE BONITE**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| PH(X) GLASS, LLC and CHRISTOPHER CARSTENS<br>vs. ROLAND CLARKE, PIC GLASSWARE, INC., et al. | |
| **ATTORNEY (S) NAME & ADDRESS**<br>JAMES P. MARTIN, ESQ. (BAR NO. 170044)<br>SHARTSIS FRIESE LLP<br>ONE MARITIME PLAZA, 18TH FLOOR<br>SAN FRANISCO, CALIFORNIA 94111<br>Telephone: (415) 421-6500<br>Facsimile: (415) 421-2922<br>Attorney(s) for: PLAINTIFFS, PH(X) GLASS, LLC and CHRISTOPHER CARTENS<br>Reference: 3020857 | |
| | CASE #: C 08-02533 PJH |
| **DECLARATION OF DUE DILIGENCE** | |

I, ERIK DE LA FUENTE, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On MAY 20, 2008 Nationwide Legal, Inc. received the following document(s): AMENDED SUMMONS IN A CIVIL ACTION; AMENDED COMPLAINT; SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES; STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA CONTENTS OF JOINT CASE MANAGEMENT STATEMENT; (BLANK) STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS; DECLARATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE; (BLANK) ADR CERTIFICATION BY PARTIES AND COUNSEL; (BLANK) NOTICE OF NEED FOR ADR PHONE CONFERENCE, to be served on ROLAND CLARKE, at the following:

**ATTEMPTED SERVICE AT:**          <u>1820 "A" ENCINAL AVENUE, ALAMEDA, CA 94501</u>

06-10-08 AT 12:55PM          THERE WAS NO ANSWER AT THE DOOR AND OCCUPANT IS GETTING READY TO MOVE. THERE ARE PACKED BOXES, A COUPLE OF WINDOWS ARE OPENED HOWEVER NO VEHICLE PRESENTON THE LOCATION

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 18, 2008**          Signature: _Erik de la Fuente_

                                                    **ERIK DE LA FUENTE**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| PH(X) GLASS, LLC and CHRISTOPHER CARSTENS<br>vs. ROLAND CLARKE, PIC GLASSWARE, INC., et al. | |
| **ATTORNEY (S) NAME & ADDRESS**<br>JAMES P. MARTIN, ESQ. (BAR NO. 170044)<br>SHARTSIS FRIESE LLP<br>ONE MARITIME PLAZA, 18TH FLOOR<br>SAN FRANSISO, CALIFORNIA 94111<br>Telephone: (415) 421-6500<br>Facsimile: (415) 421-2922<br>**Attorney(s) for:** PLAINTIFFS, PH(X) GLASS, LLC and CHRISTOPHER<br>CARTENS<br>Reference: 3020857 | CASE #: C 08-02533 PJH |

### DECLARATION OF DUE DILIGENCE

I, IRENE LIVAI, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On MAY 20, 2008 Nationwide Legal, Inc. received the following document(s): AMENDED SUMMONS IN A CIVIL ACTION; AMENDED COMPLAINT; SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES; STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA CONTENTS OF JOINT CASE MANAGEMENT STATEMENT; (BLANK) STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS; DECLARATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE; (BLANK) ADR CERTIFICATION BY PARTIES AND COUNSEL; (BLANK) NOTICE OF NEED FOR ADR PHONE CONFERENCE, to be served on ROLAND CLARKE, at the following:

**ATTEMPTED SERVICE AT:**    <u>**1820 "A" ENCINAL AVENUE, ALAMEDA, CA 94501**</u>

06-10-08 TO 06-11-08
  8:30PM TO 8:48AM          THERE WAS NO SIGNIFICANT ACTIVITY. I CALLED THE ALAMEDA
                           POLICE DEPARTMENT JUST TO INFORM THEM THAT I AM STAKING
                           OUT THE SUBJECT. AT 11:08PM THE ATTORNEY AND THE
                           SECRETARY DROVE BY THE NEIGHBORHOOD

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 18, 2008**          Signature:

IRENE LIVAI

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| PH(X) GLASS, LLC and CHRISTOPHER CARSTENS<br>vs. ROLAND CLARKE, PIC GLASSWARE, INC., et al.<br>**ATTORNEY (S) NAME & ADDRESS**<br>JAMES P. MARTIN, ESQ. (BAR NO. 170044)<br>SHARTSIS FRIESE LLP<br>ONE MARITIME PLAZA, 18TH FLOOR<br>SAN FRANISCO, CALIFORNIA 94111<br>Telephone: (415) 421-6500<br>Facsimile: (415) 421-2922<br>**Attorney(s) for:** PLAINTIFFS, PH(X) GLASS, LLC and CHRISTOPHER CARTENS<br>Reference: 3020857 | **CASE #:** C 08-02533 PJH |

### DECLARATION OF DUE DILIGENCE

I, ALLAN MENDIETA, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On MAY 20, 2008 Nationwide Legal, Inc. received the following document(s): AMENDED SUMMONS IN A CIVIL ACTION; AMENDED COMPLAINT; SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES; STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA CONTENTS OF JOINT CASE MANAGEMENT STATEMENT; (BLANK) STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS; DECLARATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE; (BLANK) ADR CERTIFICATION BY PARTIES AND COUNSEL; (BLANK) NOTICE OF NEED FOR ADR PHONE CONFERENCE, to be served on ROLAND CLARKE, at the following:

**ATTEMPTED SERVICE AT:**          <u>1820 "A" ENCINAL AVENUE, ALAMEDA, CA 94501</u>

06-11-08 AT 9:00AM        THERE WAS NO ACTIVITY, THERE WERE MAIL ADDRESSED TO THREE OTHER INDIVIDUALS, BUT NOT THE SUBJECT. SPOKE WITH THE NEIGHBORS IN THE COMPLEX WHO STATED SHE BELIEVES THAT THE IS THE ONLY ONE WHO LIVES THERE.

06-11-08 AT 11:50AM       WHITE MALE ABOUT 25YEARS OLD, SLIM BUILT WITH A MOHAWK AND A WHITE FEMALE ENTERING THE LOCATION BOTH SUBJECTS CAME IN A HONDA

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 18, 2008**              Signature: _____

                                                          **ALLAN MENDIETA**

# EXHIBIT E

## Mauch, Joseph V.

**From:**    John Kirke [JohnK@donahue.com]
**Sent:**    Sunday, June 01, 2008 4:22 PM
**To:**      Martin, James
**Subject:** RE: Follow up

James--

This should be acceptable, let me speak with Roland.

John

>>> "Martin, James" <JMartin@sflaw.com> 5/30/2008 8:42 AM >>>
John,
Putting the issues relating to evasion of service aside, we would be willing to grant an extension of time, but not for as long as you propose. If Roland will agree to accept service of process, we will agree to extend the time to respond to the Complaint until July 7. Can you confirm whether this is acceptable?
Thanks,
James

**From:** John Kirke [mailto:JohnK@donahue.com]
**Sent:** Friday, May 30, 2008 7:03 AM
**To:** Martin, James
**Subject:** Re: Follow up

James--

I spoke with Roland and he says he's not evading service--his dog is home even though he's not.

To short-circuit this, would you be amenable to just having me accept service, providing Roland with a 30-day extension of time (15 by stip, the next 15 by stip and proposed order) so that he either can retain patent counsel or prepare his response? (As I said, I will not be representing Roland or PIC in this litigation).

John

>>> "Martin, James" <JMartin@sflaw.com> 5/29/2008 9:29 AM >>>

John,
Do you still represent Roland Clarke? Can you please call me today at 415-421-6500?
Thanks,
James

6/23/2008

# EXHIBIT F

**Mauch, Joseph V.**

| | |
|---|---|
| **From:** | John Kirke [JohnK@donahue.com] |
| **Sent:** | Monday, June 02, 2008 2:46 PM |
| **To:** | Martin, James |
| **Subject:** | RE: Follow up |

James,

I am not authorized to accept service on behalf of Roland Clarke or his company, and neither my firm nor I represents Mr. Clarke or his company.

John

John C. Kirke, Esq.
Partner
Donahue Gallagher Woods  LLP
300 Lakeside Drive, Suite 1900
Oakland, California 94612
johnk@donahue.com | www.donahue.com
Tel: 510-451-0544 | Fax: 510-832-1486
=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=
This email is from the law firm Donahue Gallagher Woods LLP ("DGW").  The information contained in this e-mail and attachment(s), if any, is legally protected pursuant to the Electronic Communications Privacy Act, 18 U.S.C. 2510, et seq., inter alia, and may contain privileged and confidential information.  This communication is intended only for the use of each individual named above.  If you know, or have any reason to believe, that you are not an intended recipient, you are hereby notified that any dissemination or duplication of this e-mail is prohibited and you are requested to immediately notify the sender by e-mail or collect telephone call.  There is and shall be no waiver of any privilege or confidence by your receipt of this transmission.  Receipt of this email does not in itself create any attorney-client relationship.  The content of any e-mail you send to this firm may not be confidential or privileged if you and DGW have not executed a formal written retainer agreement.

>>> "Martin, James" <JMartin@sflaw.com> 6/2/2008 9:11 AM >>>
John,
Please let me know today, as we will move forward with service otherwise.
Thanks,
James

6/23/2008

# EXHIBIT G

**Mauch, Joseph V.**

| | |
|---|---|
| **From:** | Mauch, Joseph V. |
| **Sent:** | Tuesday, June 17, 2008 5:57 PM |
| **To:** | 'roland.clarke@gmail.com' |
| **Cc:** | Martin, James |
| **Subject:** | PH(X) Glass v. Clarke et al. |

**Attachments:**    Amended Summons R Clarke.pdf; Amended Summons PIC Glassware.pdf; Amended Summons Jamn Exact.pdf; Amended Complaint.pdf; Declination to Proceed before Magistrate.pdf; Order re Case Management Conference.pdf; ADR Forms.pdf

Mr. Clarke,

As a threshold matter, we want to confirm our understanding that you are no longer represented by an attorney. If you are, in fact, represented by counsel, please forward this email to your attorney and ask him or her to contact us immediately.

As you know, we have filed an amended complaint against you; PIC Glassware, Inc.; and Jamn Exact, Inc. We know that you are aware of the amended complaint that was served on your registered agent for service of process last week, but as a courtesy to you we attach copies of all of the relevant documents. If you would prefer to receive service in any other way, please let us know and we will accommodate your reasonable requests.

We are writing to inform you of our clients' intention to file a motion for a temporary restraining order against you and the other defendants. We will be asking the court to (1) enjoin you from passing yourself off as Christopher Carstens and/or as a representative of PH(X) Glass, Inc. and (2) enjoin you, PIC Glassware, and Jamn Exact from selling, marketing, or distributing all products that infringe upon the PH(X) mark.

We have become aware of recent activity by you that warrants such immediate action. We are aware of your attempts to pass yourself as Christopher Carstens and/or as a representative of PH(X) Glass in order to market and sell infringing water pipes and merchandise. We are also aware of your sales and distribution of products bearing the PH(X) trademarks, which activities have escalated since you were put on notice of the infringement. We are also aware that on Sunday, June 15, at 7:00 P.M., you attempted to harass our clients by making a phone call to their residence. Our clients are concerned that your misrepresentations, infringement, and harassment will continue and could escalate into conduct more harmful for you and them.

We will be filing our motion for a temporary restraining order in the near future. When we attempted to serve you with the original complaint in this case, our process servers reported that you refused to answer your door despite being present at your residence. Subsequently, you have vacated that residence and have attempted to evade service in various ways, all of which have been chronicled. We were successful in serving Jamn Exact through your registered agent for service of process in Sacramento, and we intend to continue serving you through such agent.

If you would prefer to receive the documents filed in connection with our application for a temporary restraining order in some other way, please let us know. In addition, if you wish to receive further communications regarding this case in a manner other than by means of this email address, please let us know. Although we intend to take immediate action to protect our clients' rights, we will continue to provide you with notice of such actions and will consider any reasonable requests that you may suggest.

Very truly yours,

1

**Joseph V. Mauch**
Shartsis Friese LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
jmauch@sflaw.com
415.421.6500



Amended Summons
R Clarke.pdf (...



Amended Summons
PIC Glassware....



Amended Summons
Jamn Exact.pdf...



Amended
Complaint.pdf (2 MB



Declination to
Proceed before ...



Order re Case
Management Confe..



ADR Forms.pdf (74
KB)

The information contained in this email is confidential and may also be privileged.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this email in error, please immediately notify us by forwarding the message to info@sflaw.com and deleting the original message.  Thank you.

# EXHIBIT H

**Mauch, Joseph V.**

| | |
|---|---|
| **From:** | Roland Clarke [roland.clarke@gmail.com] |
| **Sent:** | Tuesday, June 17, 2008 5:57 PM |
| **To:** | Mauch, Joseph V. |
| **Subject:** | Dr. Clarke is on vacation Re: PH(X) Glass v. Clarke et al. |

So sorry to have missed your message. I am now on extended vacation.
Please be patient. I will respond to your request as soon as possible.

# EXHIBIT I

**Mauch, Joseph V.**

| | |
|---|---|
| **From:** | Mauch, Joseph V. |
| **Sent:** | Friday, June 20, 2008 5:15 PM |
| **To:** | 'roland.clarke@gmail.com' |
| **Cc:** | Martin, James |
| **Subject:** | PH(X) Glass v. Clarke et al. |

Mr. Clarke,

We are writing to inform you that, per our email to you on June 17, 2008, our clients Christopher Carstens and PH(X) Glass, LLC, intend to file a motion for a temporary restraining order against you and the other defendants on Monday, June 23, 2008.  We will be asking the court to (1) enjoin you from passing yourself off as Christopher Carstens and/or as a representative of PH(X) Glass and (2) enjoin you, PIC Glassware, and Jamn Exact from selling, marketing, or distributing all products that infringe upon the PH(X) mark.

We intend to serve the documents filed in connection with our motion for a temporary restraining order on Jamn Exact through your registered agent for service of process in Sacramento.  As we stated in our previous email, if you would prefer to receive the documents filed in connection with our motion in some other way, please let us know.  In addition, if you wish to receive further communications regarding this case in a manner other than by means of this email address, please let us know.

Very truly yours,

Joseph Mauch

**Joseph V. Mauch**
Shartsis Friese LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
jmauch@sflaw.com
415.421.6500

The information contained in this email is confidential and may also be privileged.  The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this email in error, please immediately notify us by forwarding the message to info@sflaw.com and deleting the original message.  Thank you.