Dr. Roland M. Clarke
1957 W. 1st Ave #3
Vancouver BC V6J1G6

Pro Se Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED
MAY 31 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| PHX GLASS, LLC and CHRISTOPHER CARSTENS,<br><br>Plaintiffs,<br><br>vs.<br><br>Roland Clarke et al.,<br><br>Defendant | Case No.: C 08-02533-PJH<br><br>**ADDITIONAL SUPPLIMENTAL DECLARATION BY DEFENDANT REGARDING CLEAR FEDERAL ILLEGALITY OF BONGS AND WATER PIPES**<br><br>Judge: Hon. Phyllis Hamilton<br>Court: Oakland Courthouse, room#3 |

**Background**

Roland Clarke (Pro Se Defendant) was, and is being, sued in US Federal Court by famous bong and drug paraphernalia company PH(X) Glass, LLC and illegal drug paraphernalia kingpin Christopher Carstens (Plaintiff) for allegedly selling bongs that look like PH(X) bongs. Defendant is currently in poverty and lives in Vancouver, BC Canada and has severed all ties with the nefarious world of illegal bong and drug paraphernalia trafficking. Being in poverty, Defendant currently lacks the ability to travel to Oakland to meet in person regarding this excellent example of the American Legal System at work. Defendant is still extremely confused as to why US Federal court time, US Federal tax payer money, and US Federal resources are continuing to be wasted protecting the trademark rights of a very famous brand of illegal bongs. US Federal Judge Phyllis J Hamilton has consistently refused to give even the most rudimentary answer to this question. Defendant supposes that the answer must have something to do with blindness of Justice.

[ADDITIONAL SUPPLIMENTAL DECLARATION BY DEFENDANT REGARDING CLEAR FEDERAL ILLEGALITY OF BONGS AND WATER PIPES] - 1of1

## Declaration

Below, I, Roland Clarke Pro Se Defendant, offer to the court a reproduction of section 863 of the Controlled Substances Act. In case anyone involved in this action was still able to pretend ignorance as to the legal status of bongs, water pipes, or other drug paraphernalia, the Defendant believes that this short section of US Federal law should suffice to clear the matter up.

## Section 863 of the Controlled Substances Act

From the U.S. Code Online via GPO Access
[www.gpoaccess.gov]
[Laws in effect as of January 3, 2007]
[CITE: 21USC863]

### Section 863. Drug paraphernalia

(a) In general

    It is unlawful for any person--

    (1) to sell or offer for sale drug paraphernalia;

    (2) to use the mails or any other facility of interstate commerce to transport drug paraphernalia; or

    (3) to import or export drug paraphernalia.

(b) Penalties

    Anyone convicted of an offense under subsection (a) of this section shall be imprisoned for not more than three years and fined under title 18.

(c) Seizure and forfeiture

    Any drug paraphernalia involved in any violation of subsection (a) of this section shall be subject to seizure and forfeiture upon the conviction of a person for such violation. Any such paraphernalia shall be delivered to the Administrator of General Services, General Services Administration, who may order such paraphernalia destroyed or may authorize its use for law enforcement or educational purposes by Federal, State, or local authorities.

(d) "Drug paraphernalia" defined

    The term "drug paraphernalia" means any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under this subchapter. It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana,\1\ cocaine, hashish, hashish oil, PCP, methamphetamine, or amphetamines into the human body, such as--

---

\1\ So in original. Probably should be "marihuana,".

---

    (1) metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls;

    (2) **water pipes;**

    (3) carburetion tubes and devices;

    (4) smoking and carburetion masks;

(5) roach clips: meaning objects used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand;

(6) miniature spoons with level capacities of one-tenth cubic centimeter or less;

(7) chamber pipes;

(8) carburetor pipes;

(9) electric pipes;

(10) air-driven pipes;

(11) chillums;

(12) **bongs;**

(13) ice pipes or chillers;

(14) wired cigarette papers; or

(15) cocaine freebase kits.

(e) Matters considered in determination of what constitutes drug paraphernalia

In determining whether an item constitutes drug paraphernalia, in addition to all other logically relevant factors, the following may be considered:

(1) instructions, oral or written, provided with the item concerning its use;

(2) descriptive materials accompanying the item which explain or depict its use;

(3) national and local advertising concerning its use;

(4) the manner in which the item is displayed for sale;

(5) whether the owner, or anyone in control of the item, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products;

(6) direct or circumstantial evidence of the ratio of sales of the item(s) to the total sales of the business enterprise;

(7) the existence and scope of legitimate uses of the item in the community; and

(8) expert testimony concerning its use.

(f) Exemptions

This section shall not apply to--

(1) any person authorized by local, State, or Federal law to manufacture, possess, or distribute such items; or

(2) any item that, in the normal lawful course of business, is imported, exported, transported, or sold through the mail or by any other means, and traditionally intended for use with tobacco products, including any pipe, paper, or accessory.

(Pub. L. 91-513, title II, Sec. 422, as added and amended Pub. L. 101- 647, title XXIV, Sec. 2401(a)-(c), Nov. 29, 1990, 104 Stat. 4858, 4859; Pub. L. 106-310, div. B, title XXXVI, Sec. 3614, Oct. 17, 2000, 114 Stat. 1230.)

**Codification**

The text of section 857(b) to (f) of this title, which was transferred to subsecs. (b) to (f) of this section by Pub. L. 101-647, Sec. 2401(b), was based on Pub. L. 99-570, title I, Sec. 1822(b)-(f), Oct. 27, 1986, 100 Stat. 3207-51; Pub. L. 100-690, title VI, Sec. 6485, Nov. 18, 1988, 102 Stat. 4384.

**Amendments**

2000--Subsec. (d). Pub. L. 106-310 inserted "methamphetamine," after "PCP," in introductory provisions.

1990--Subsec. (b). Pub. L. 101-647, Sec. 2401(c)(1), substituted "fined under title 18" for "fined not more than $100,000".

Pub. L. 101-647, Sec. 2401(b), redesignated subsec. (b) of section 857 of this title as subsec. (b) of this section. See Codification note above.

Subsecs. (c) to (e). Pub. L. 101-647, Sec. 2401(b), redesignated subsecs. (c) to (e) of section 857 of this title as subsecs. (c) to (e) of this section. See Codification note above.

Subsec. (f). Pub. L. 101-647, Sec. 2401(c)(2), made technical amendment to reference to "This section" to correct reference to corresponding provision of original act.

Pub. L. 101-647, Sec. 2401(b), redesignated subsec. (f) of section 857 of this title as subsec. (f) of this section. See Codification note above.

**NOTICE: This is an unofficial version. An official version of this publication may be obtained directly from the Government Printing Office (GPO).**

Dated this 26th day of May, 2011

_____

Pro Se Dr. Roland Clarke

[ADDITIONAL SUPPLIMENTAL DECLARATION BY DEFENDANT REGARDING CLEAR FEDERAL ILLEGALITY OF BONGS AND WATER PIPES] - 4of1