Carl D. Ciochon, Bar No. 165963
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: cciochon@wendel.com

Attorneys for Plaintiffs
PH(X) Glass, LLC and Christopher Carstens

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PH(X) GLASS, LLC and CHRISTOPHER CARSTENS,<br><br>Plaintiffs,<br><br>vs.<br><br>ROLAND CLARKE; PIC GLASSWARE, INC.; JAMN EXACT, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 08-02533 PJH<br><br>[~~PROPOSED~~] **ORDER COMPELLING TWITTER, INC. TO PRODUCE DOCUMENTS**<br><br>Judge:     Hon. Phyllis Hamilton<br>Courtroom: Oakland Courthouse, Courtroom 3<br><br>Amended Complaint Filed: June 12, 2008<br>**Judgment Entered:     February 25, 2009** |

On June 8, 2011, this Court conducted a hearing on Plaintiffs' motion to find defendant Roland Clarke in contempt of court for failure to comply with the Final Judgment and Order in this case. (Docket No. 104).

By way of background, on February 25, 2009, this Court entered Final Judgment against Defendants, ordering Defendants to pay $2,904,108.47 and enjoining them from, among other things, falsely representing themselves to be Christopher Carstens ("Carstens") or a representative of PH(X) Glass, LLC. Defendants did not file a Notice of Appeal.

On April 21, 2011, Plaintiffs filed an Ex Parte Application seeking emergency relief based on alleged recent conduct by Defendant Roland Clarke ("Clarke"). Plaintiffs allege that Clarke

falsely represented himself to be Carstens and/or a representative of PH(X) Glass, LLC in various electronic media in violation of this Court's Orders and Final Judgment. Among other things, Plaintiffs allege that Clarke created two fake accounts on Twitter impersonating Carstens ("c_carstens" and "chriskcarstens") and that Clarke then sent communications or "Tweets" to the Federal Bureau of Investigation, Governor Scott Walker of Wisconsin, and various other persons. Plaintiffs further allege that Clarke connected the fake Twitter accounts to (i.e. "followed") a number of individuals and entities in an attempt to cause damage to Plaintiffs. Clarke has submitted a Declaration and other papers to the Court denying such allegations. (Docket No. 87).

On June 8, 2011, the Court directed Plaintiffs' counsel to submit a proposed order for issuance of a subpoena regarding information from Twitter. (Docket No. 104). Based on the parties' filings in connection with the contempt motion, and the pleadings and other matters of record in this case, and for good cause shown, the Court hereby issues the following ORDER:

1. On or before July 22, 2011, Twitter, Inc. ("Twitter") shall produce to Plaintiffs' counsel of record in this case the following documents in its possession, if any, that in the exercise of reasonable diligence it has been able to locate, all of which relate to the following Twitter usernames or accounts allegedly used by Clarke: **@c_carstens**, **@chriskcarstens**, **@roland0469,** and @congo0469 ("the Usernames"):

(a) Documents sufficient to identify any and all account, profile, biographical, and/or contact information, including but not limited to names, usernames, telephone numbers, email addresses, mailing addresses, locations, photographs (including profile images and background images), connections, and address books associated with each of the Usernames;

(b) Documents sufficient to identify any and all Twitter accounts sharing an email address or telephone number in common with any of the Usernames;

(c) Documents sufficient to identify any and all information provided to or collected by Twitter in connection with the registration, verification, or deactivation of each of the Usernames, including but not limited to information relating to the geographic location and Internet Protocol ("IP") address related to each of the Usernames;

(d) Any and all documents related to or that comprise communications or Tweets, and any and all metadata or other information related to the Tweets, including but not limited to when the user(s) Tweeted, Tweets the user(s) marked as favorites or Retweeted, links within Tweets the user(s) interacted with, and any direct messages related to each of the Usernames, if such information was sent, received, created, or updated on or after March 1, 2011;

(e) Any and all documents related to or that comprise private messages between any of the Usernames and another Twitter account, if such messages were sent or received on or after March 1, 2011;

(f) Documents sufficient to identify any information related to the geographic area(s) or location(s) from where the user(s) accessed the accounts associated with the Usernames on or after March 1, 2011, including but not limited to locations from where all Tweets were sent and received, IP address connections (including dates, times, and time zones), exact coordinates, locations the user(s) listed, and changes to the user(s) location information settings;

(g) Documents sufficient to identify any and all automatically recorded information ("Log Data") related to the Usernames created or stored on or after March 1, 2011, including but not limited to IP address connections, browser types, referring domains, pages visited, search terms, and interactions with advertisements;

(h) ~~Documents sufficient to identify the first name, last name, and username(s) of any and all Twitter users who followed the Usernames on or after March 1, 2011;~~

(i) ~~Documents sufficient to identify the first name, last name, and username(s) of any and all Twitter users followed by the Usernames on or after March 1, 2011; and~~

(h) ~~(j)~~ Documents sufficient to identify any and all correspondence on or after March 1, 2011 between Twitter and the user(s) who created the Usernames.

2. Twitter may designate the documents it produces pursuant to this Order as "Confidential" (if applicable) in accordance with the Protective Order in this case. Not later than July 22, 2011, Twitter shall certify its production pursuant to this Order in the following manner: "These documents are certified and authentic copies of original documents created and held in the regular course of business by Twitter, Inc."

3. Twitter shall comply with this Order notwithstanding any objections or communications provided to Twitter by the user(s) associated with the Usernames.

IT IS SO ORDERED.

DATED:     July  6   , 2011



*[PROPOSED] ORDER COMPELLING TWITTER, INC. TO PRODUCE DOCUMENTS –*
*Case No.  C 08-02533 PJH*

- 4 -

017323.0001\1883966.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607