UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PH(X) GLASS, LLC, et al.,

    Plaintiffs,

    v.

ROLAND CLARKE, et al.,

    Defendants.
_____/

No. C 08-2533 PJH

**ORDER**

        This patent and trademark infringement case was filed on May 19, 2008, and was concluded with entry of an injunction and a judgment of default on February 25, 2009, against defendants Roland Clarke ("Clarke"), PIC Glassware, Inc., and Jamn Extract, Inc. On April 21, 2011, plaintiffs filed a request for an order to show cause re contempt against defendant Clarke, asserting that he had violated the terms of the injunction. Now before the court are certain motions filed in this action by defendant Clarke.

        The hearing on the OSC re contempt was originally set for May 25, 2011, but was continued until June 8, 2011 at Clarke's request. On May 16, 2011, Clarke filed a motion requesting advice from the court as to how he should proceed (Doc. 96). On May 20, 2011, Clarke filed a request for appointment of counsel (Doc. 98). In an order filed on May 24, 2011, the court deferred ruling on those two motions pending further discussion at the June 8, 2011 hearing.

        At that hearing (which Clarke did not attend) the court directed plaintiff's counsel to submit a proposed order for issuance of a subpoena regarding information from Twitter, and further directed that once information had been received, counsel should submit a supplemental request for a finding of contempt, along with additional evidence and a proposed order.

1    The proposed order compelling Twitter to produce documents was submitted to the court, and the order was issued on July 6, 2011. To date, plaintiffs have not submitted the supplemental request for a finding of contempt. However, given that Clarke's pending motions were directed at the original motion for contempt, the court finds that the motions must be DENIED as moot, without prejudice to refiling if necessary.

On May 31, 2011, Clark filed a motion to delay the contempt hearing of June 8, 2011 (Doc. 101). That motion is DENIED as moot.

On June 2, 2011, Clarke filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) (relief from judgment because of fraud) and/or 60(d)(3) (set aside judgment because of fraud on the court). The "fraud" that Clarke alleges is the fact that the patented and trademarked product at issue is a glass "bong," which he claims is illegal drug paraphernalia.

The motion is DENIED. Clarke was served with the summons and complaint, and with plaintiff's application for a temporary restraining order and order to show cause re preliminary injunction. The court eventually granted the preliminary injunction. Plaintiffs requested entry of default, which was granted on September 10, 2008. Plaintiffs moved for default judgment, and the motion was set for hearing on January 21, 2009. The court granted the motion on February 25, 2009.

Throughout this time, Clarke was served with all notices and motions filed, but made no appearance whatsoever. The judgment was issued in this case pursuant to Federal Rule of Civil Procedure 55, following entry of default by the court. Clarke has presented no meritorious argument addressing why the default judgment should be set aside in this case.

**IT IS SO ORDERED.**

Dated: August 29, 2011

PHYLLIS J. HAMILTON
United States District Judge

2